Robert S. KENTNER, Plaintiff,

v.

TIMOTHY R. DOWNEY INSURANCE, INC.; Downey Retirement Trust; Indiana Public Employers Plan, Inc.; Timothy R. Downey, Individually and in his Capacity as a Member of the Board of Directors of IPEP; and T. Christopher Downey, Individually and in his Capacity as a Member of the Board of Directors of IPEP, Defendants.

No. 1:03 CV 435 RLY WTL.

United States District Court,
S.D. Indiana,
Indianapolis Division.

March 29, 2006.

Robert S. Kentner, Kokomo, IN, Pro se.

Blake J. Burgan, Michael C. Terrell, Sommer Barnard Attorneys, PC, Karoline E. Jackson, Monica Renee Brownewell Smith, Barnes & Thornburg LLP, Indianapolis, IN, for Defendants.

**ENTRY ON PLAINTIFF'S MOTION TO DISMISS DOWNEY'S COUNTER-CLAIMS I, II, III, IV, and V AND FOR PARTIAL SUMMARY JUDG-MENT PURSUANT TO INDIANA CODE § 34–7–7–1 *ET SEQ.***

YOUNG, District Judge.

Plaintiff, Robert S. Kentner, moves to dismiss Counts I–IV of Downey's Counter-

claims and moves for partial summary judgment under Indiana's anti-SLAPP statute, Indiana Code §§ 34–7–7–1 through 10 ("Indiana Anti–SLAPP Act"). For the reasons explained below, the court **DENIES** Plaintiff's motion.[1]

## I. Background

On July 16, 2003, Plaintiff served non-party document requests to at least 345 IPEP members. (*See* Affidavit of Robert Kentner ("Kentner Aff."), Ex. H). The 345 non-party document requests that Plaintiff served on IPEP members were worded in such a way to imply that Downey had acted illegally as the attorney-in-fact when it invested IPEP funds in an insurance company called EPIC. For example, Plaintiff requested the following information:

Request No. 9: Provide any documentation or legal opinion that justifies or explains how your public entity can participate in IPEP given IPEP's investment in EPIC and the purchase of investments contrary to IC 5–13–9–1 and IC 36–1–3–8(a)(11).

Request No. 10: Provide any documentation or legal opinion that justifies or explains why your public entity failed to object to IPEP's investment in EPIC and the purchase of investments contrary to IC 5–13–9–1 and IC 36–1–3–8(a)(11).

Request No. 13: Provide any documentation or legal opinion that supports your public entities' justification for joining/maintaining its ownership/participation in IPEP despite the prohibition set forth in Indiana Code § 36–1–7 limiting a public entities' (sic) participation set forth in the statutes to entities other than private in-terests like Timothy R. Downey Insurance Inc. (*Id.*)

On August 4, 2003, Downey filed five Counterclaims alleging defamation per se, defamation per quod, tortious interference with a contract, abuse of process, and unjust enrichment/restitution. The first four Counterclaims arise out of the non-party document requests noted above.

Plaintiff moves to dismiss Downey's Counterclaims on grounds that his non-party discovery requests are protected by Indiana's Anti–SLAPP Act.

## II. Discussion

Indiana's Anti–SLAPP Act, passed in 1998, is one of about 25 similar statutes across the country. *See generally* http://www.casp.net/ menstate.html. While Indiana has no official legislative history, the commentary on SLAPP lawsuits and Anti–SLAPP legislation gives the court guidance.

■ In general, the Anti–SLAPP statutes were passed to deal with a particular kind of abusive litigation intended to intimidate and to chill public debate, which were dubbed "SLAPP" suits, or "strategic lawsuits against public participation." Such suits can effectively limit citizens' First Amendment rights to free speech and to petition the government by punishing and chilling public participation. Marnie Stetson, *Reforming SLAPP Reform: New York's Anti–SLAPP Statute*, 70 N.Y.L.R. 1324, 1324–25 (1995). SLAPP lawsuits are typically meritless and filed to force a settlement. *Id.* at 1330.

Indiana's Anti–SLAPP Act reads in relevant part:

---

1. Because the parties rely on evidence outside of the pleadings, the court will treat this motion as one for partial summary judgment rather than as one to dismiss. *See* Fed. R.Civ.P. 12(b).

It is a defense in a civil action against a person that the act or omission complained of is:

(1) an act or omission of that person in furtherance of the person's right of petition or of free speech under the Constitution of the United States or the Constitution of the State of Indiana in connection with a public issue; and

(2) an act or omission taken in good faith and with a reasonable basis in law and fact.

 Plaintiff's reliance on the Anti–SLAPP Act is fatally flawed for several reasons. First, Plaintiff concedes that his intent in serving the non-party discovery requests was to gather support for his claims in this litigation, *see* Plaintiff's Brief at 10; thus, Plaintiff was not acting as a citizen "in furtherance" of his right to comment on a public issue as is required by the Anti–SLAPP Act.

Second, Plaintiff's non-party discovery requests were not public speech on a public issue. Rather, they were document requests served to gather information that Plaintiff intended to use in his prosecution of this civil action. As the United States Supreme Court has noted, discovery materials such as "pretrial depositions and interrogatories are not public components of a civil action." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).

In sum, Plaintiff did not make his requests "in furtherance" of any right to speak on the "issues of public interest" he lists on his brief. Rather, they were simply in furtherance of his own personal goals in the civil litigation. The anti-SLAPP Act is therefore inapplicable to Counts I–IV of Downey's Counterclaims.

Count V of Downey's Counterclaim is not based upon Plaintiff's service of non-party discovery requests; rather, it seeks restitution of $5,000. As Count V is one for restitution, there is no basis for dismissing it under Indiana's Anti–SLAPP Act.

## III. Conclusion

For the reasons set forth above, Plaintiff's Motion to Dismiss Downey's Counterclaims I, II, III, IV and V and for Partial Summary Judgment (Docket # 140), treated by the court as one only for Partial Summary Judgment, is **DENIED**.